O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HEIM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>T. PEREZ, *Warden*, et al.,<br><br>　　　　　Respondents. | Case No. LA CV 15-2059 JFW (JCG)<br><br>**ORDER (1) ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND (2) DENYING HABEAS PETITION, CERTIFICATE OF APPEALABILITY, AND EVIDENTIARY HEARING** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's Objections to the R&R, and the remaining record, and has made a *de novo* determination.

　　　In his Objections, Petitioner opposes the R&R's conclusion that the Petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Objections at 1-8.) Petitioner raises three arguments, all of which must fail.

　　　1.　　Statutory Tolling

　　　First, Petitioner argues that his Petition is rendered timely by statutory tolling. (Objections at 2-4, 8.) Specifically, Petitioner argues that he is entitled to statutory

tolling "from the date of his first state [h]abeas petition . . . until the denial of his last state habeas petition." (Objections at 2.)

As a matter of law, Petitioner is incorrect. *See Callender v. Knipp*, 2014 WL 435971, at *3 (C.D. Cal. Jan. 30, 2014) (AEDPA's limitation period is tolled "during the pendency of *one full round* of state collateral review, which includes the intervals between *a lower court decision* and the filing of *a petition in a higher court*, so long as the petitioner *does not unreasonably delay between filings*") (emphasis added); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("[P]eriods between different rounds of collateral attack are not tolled.").[1]

Thus, the Court finds that no additional statutory tolling – beyond that already calculated by the Magistrate Judge – is warranted here. (*See* R&R at 3-4.)

2. Equitable Tolling

Second, Petitioner argues that his Petition is rendered timely by equitable tolling. (Objections at 2-3, 5.) In particular, Petitioner argues that he is entitled to equitable tolling because: (1) due to a facility transfer, he belatedly learned of the California Supreme Court's decision regarding his petition for review, (2) he is "a layman at law," unfamiliar with the court's procedures, and (3) "[h]e waited nearly one year[,] th[e]n spoke to a fellow inmate who is also not a lawyer." (Objections at 2-3.)

As a rule, AEDPA's limitation period is subject to equitable tolling only if Petitioner can show that (1) he pursued his rights diligently and (2) an "extraordinary circumstance prevented timely filing." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir.

---

[1] Petitioner also seeks additional statutory tolling for a petition for mandate that he supposedly sent to the California Supreme Court on June 2, 2014 – the *exact date* of the AEDPA limitation period's expiration, as determined by the Magistrate Judge – but argues that apparently never reached the court either because it was "lost" in the mail or because "one of the CDC staff was playing games with [Petitioner]." (Objections at 3, 36-37.) Notably, a review of the prison's database revealed no outgoing legal mail for Petitioner in June 2014. (*Id.* at 20-21.) In any case, however, statutory tolling is available only for "properly filed" applications for collateral review, and thus would not apply here. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (emphasis in original).

2014). Generally, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

Here, most of the experiences alleged are not "extraordinary circumstances" for the purposes of equitable tolling analysis. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]"); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (no tolling for delay caused by "reliance on [inmate] helpers"); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities . . . do not by themselves qualify as extraordinary circumstances."). However, "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case" can constitute extraordinary circumstances, and thus "provide grounds for equitable tolling *if the prisoner has acted diligently in the matter*." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citation omitted) (emphasis added). Significantly, in the Ninth Circuit, a petitioner must "show diligence through the time of filing [his federal petition], even after the extraordinary circumstances have ended." *Luna v. Kernan*, 784 F.3d 640, 651 (9th Cir. 2015).

The Court finds no such diligence here. While Petitioner's notice regarding the Supreme Court's decision may have been delayed,[2] Petitioner waited more than a year after the petition's filing to follow up with *either* his attorney *or* the court. (*See* Objections at 3, 13-15, 29, 32); *see also Ramirez*, 571 F.3d at 997 (noting relevance of whether petitioner "acted diligently to obtain notice"). Moreover, Petitioner was made aware of his state case's completion *at least* as early as October 2014. (*See* Objections

---

[2] The Court notes that Petitioner's appellate attorney told Petitioner to "keep [him] informed as to any change in [his] mailing address[,]" but does not know if Petitioner complied with that instruction. (Objections at 12.)

at 28, 48-49.) Yet Petitioner still waited until October 2015 – *nearly a year later* – to file his federal habeas petition. (*See* Pet. at 1, 38.)

Thus, in light of these self-inflicted and unexplained delays, the Court cannot find that Petitioner exercised such diligence as might justify equitable tolling. *See Ramirez*, 571 F.3d at 997; *Majano v. Long*, 2015 WL 1612016, at *7-10 (C.D. Cal. Apr. 8, 2015) (finding a lack of diligence where Petitioner allowed an "inexplicable four-month delay" between belatedly learning that his conviction was final and filing his federal petition).

### 3. Actual Innocence

Third, Petitioner argues that he is "actually innocent of the crime charged" and thus entitled to the "gateway" benefit of *Schlup v. Delo*, 513 U.S. 298 (1995). (Objections at 5-7.) For the reasons already set forth by the Magistrate Judge, the Court is unpersuaded. (*See* R&R at 4-6.)

Thus, in sum, the Court finds that tolling is unwarranted, the *Schlup* gateway is unavailable, and the Petition is untimely.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-

decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

DATED: December 3, 2015

                                   HON. JOHN F. WALTER
                                   UNITED STATES DISTRICT JUDGE